UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 13-14-KSF

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                          **OPINION & ORDER**

SUSAN VENTURA and
MIGUEL VENTURA                                                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion [DE #22] of the Defendant, Susan Ventura, to exclude the expert testimony of IRS Special Agent Kevin Valentine at the trial of this matter. The United States opposes the Defendant's motion [DE #29].

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On January 17, 2013, a federal grand jury returned a one count indictment against Susan Ventura, charging her with a violation of the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5313(a), by structuring currency deposits totaling $350,385.57 into Central Bank for the purpose of evading the reporting requirements. Ventura was arraigned on February 15, 2013, and trial was set for April 22, 2013 [DE #10]. On April 8, 2013, the United States notified counsel for Ventura that it intends to present expert testimony under Federal Rule of Evidence 703 from IRS Special Agent Kevin Valentine. Specifically, the United States stated that Agent Valentine "will testify regarding the common schemes and methods utilized by individuals to structure currency transactions in an effort to avoid the reporting requirement of monetary transactions in excess of $10,000" [DE #22-1].

Thereafter, on April 11, 2013, a federal grand jury returned a superseding indictment against Susan Ventura and her husband, Miguel Ventura, charging them with multiple counts of structuring,

conspiracy to commit structuring, and attempting to cause a financial institution to fail to file a currency transaction report [DE #16]. The next day, on April 12, 2013, Susan Ventura filed her motion to exclude the expert testimony of Agent Valentine.

## II. VENTURA'S MOTION TO EXCLUDE EXPERT TESTIMONY

In support of her motion, Ventura argues that Agent Valentine's expert testimony should be excluded for several reasons. First, Ventura generally argues that Agent Valentine is not qualified under Rule 702 of the Federal Rules of Evidence. Rule 702 provides as follows:

> A witness who is qualified to testify as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. *See also Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S .137, 141 (1999). A review of Agent Valentine's qualifications, as set out in the United States' notice letter of April 8, 2013 [DE# 22-1] and as further explained in the United States' response, reveals that he has over 18 years experience investigating financial crimes with the IRS-CID, including serving as Coordinator of the IRS-CID Financial Crimes Task Force for the Eastern District of Kentucky. This task force involved investigations of alleged violations of Title 18 and Title 31, including alleged structuring violation. Additionally, Agent Valentine has participated in numerous conferences and received extensive training regarding the BSA, and in areas of accounting methods and common business practices used to maintain financial records. For these reasons, and others contained in the United States' notice letter, Agent

Valentine is qualified by training and experience to testify as an expert in the field of currency structuring investigations.

Furthermore, his testimony is relevant and will assist the trier of fact in understanding the evidence or in determining a fact in issue. As the United States notes, courts have allowed expert testimony to explain the BSA, its obligations on financial institutions to file Currency Transaction Reports ("CTRs"), and structuring deposits in general. *See, e.g. United States v. Campbell*, 2009 WL 3326412, *3 (4th Cir. Oct. 16, 2009); *United States v. Ortiz*, 1997 WL 225108 *5 (2nd Cir. May 5, 1997); *see also United States v. Caro*, 2012 WL 48038 *24 (11th Cir. Jan. 10, 2012)(holding it was proper to admit expert testimony regarding the "content and purposes of BSA, and the CTR obligations of domestic financial institutions"). Moreover, currency structuring and the many methods criminals employ to accomplish it are beyond the realm of general knowledge of the average juror. *See Ortiz*, 1997 WL 225108 at *5. Agent Valentine's proposed expert testimony would assist the jury in understanding the complexities of this case. Accordingly, the Court finds that Agent Valentine's proposed testimony satisfies the requirements of Rule 702.

Second, Ventura argues that the proposed expert testimony would violate Rule 704(b) because Agent Valentine will testify as to Ventura's state of mind. Rule 704(b) prevents an expert witness from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged . . . ."Fed.R.Evid. 704(b); *see United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004). Under this rule, Agent Valentine would not be allowed to opine that Ventura "intended" to structure her transactions or evade the BSA's reporting requirements because this determination is reserved for the trier of fact. However, the notice of

expert testimony provided to Ventura in no way indicates that he intends to opine on her state of mind. Accordingly, Ventura's motion to exclude cannot be granted based on Rule 704(b).

Next, Ventura contends that because there is "no underlying charge showing why one like defendant Susan Ventura would want to deny a financial institution from reporting deposits," Agent Valentine's opinion is "nothing more than his claimed knowledge of other instances when persons made multiple deposits of cash" [DE #22-2]. There is simply no requirement under the statute or in case law that any underlying charges are a prerequisite for expert testimony in a structuring case. While structuring may be the means by which other crimes may be accomplished, separate underlying criminal conduct is not a condition precedent to a structuring charge or for the admission of expert testimony. Therefore, this argument fails.

Ventura also argues that Agent Valentine should be excluded because he was involved in the investigation and "is likely to be a fact witness" [DE #22-2]. However, this Court, based on Sixth Circuit authority, routinely allows law enforcement officers to provide both fact and opinion testimony. *See e.g., United States v. Smith*, 601 F.3d 530, 539-40 (6th Cir. 2010); *United States v. Tocco*, 200 F.3d 401, 418-19 (6th Cir. 2000)(allowing FBI agent to testify as "organized crime" expert and as fact witness). Any potential confusion or prejudice can be prevented by a cautionary instruction informing the jury that it should consider both roles in determining what weight, if any, to afford that witness's testimony. *Tocco*, 200 F.3d at 419; *see also* Sixth Circuit Pattern Jury Instruction 7.03A.

Ventura's generalized argument that Agent Valentine's testimony should be excluded based on Rule 403 also fails. Rule 403 allows for the exclusion of relevant evidence only if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. To qualify

4

for exclusion under this rule, the evidence must do more than "damage" a defendant's case, "rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Winkle*, 477 F.3d 407, 417 (6th Cir. 2007). Here, Agent Valentine's proposed expert testimony relates to BSA regulations and patterns of currency structuring which are outside the general realm of knowledge and understanding of the average juror, but which must be understood in order to render a verdict. Moreover, Agent Valentine's proposed testimony as to whether Ventura's patterns of currency deposits are consistent with structuring is highly probative. Ventura has failed to articulate how this testimony creates unfair prejudice. Accordingly, Agent Valentine's testimony is admissible under Rule 403.

Finally, to the extent that Ventura contends that the United States failed to provide timely notice of Agent Valentine's proposed expert testimony, the Court disagrees. The United States provided its notice of expert testimony on April 8, 2013 - 14 days prior to the then-scheduled trial date of April 22, 2013. Subsequently, due to the superseding indictment, the trial has been continued until July 1, 2013 [DE #32]. Ventura has been provided all of the bank records and materials on which Agent Valentine intends to rely. Accordingly, Ventura has a reasonable time period to prepare for Agent Valentine's testimony.

## III. CONCLUSION

For the reasons set forth above, Ventura's motion to exclude Agent Valentine's expert testimony will be denied. Furthermore, the Court finds that a hearing on this matter is not necessary. Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Ventura's motion to exclude expert testimony [DE # 22] is **DENIED**; and

(2) the hearing tentatively set for May 30, 2013 is **SET ASIDE**.

5

This May 20, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge